# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| MELVIN DAMOND BENJAMIN, | |
| Petitioner, | CIVIL ACTION NO.: 5:15-cv-67 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:13-cr-13) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Melvin Benjamin ("Benjamin"), who is currently housed at the Federal Correctional Institution-Low in Coleman, Florida, has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 4), and Benjamin filed a Response, (doc. 8.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Benjamin's Section 2255 Motion, **DENY** Benjamin *in forma pauperis* status on appeal, and **DENY** Benjamin a Certificate of Appealability.

## BACKGROUND

Benjamin was charged in this Court with: interference with commerce by robbery, in violation of 18 U.S.C. § 1951; using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); conspiracy to use, carry, and brandish a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o); providing false statements to acquire firearms, in violation U.S.C. § 922(a)(6); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1); and aiding and abetting, in violation of 18 U.S.C. § 2. Indictment, United States v. Benjamin, 5:13-cr-13 (S.D. Ga. May 8, 2013), ECF No. 1. Benjamin pleaded guilty to interference with commerce by robbery, two counts of making false statements to acquire firearms, two counts of aggravated identity theft, and two counts of possession of a firearm by a convicted felon. Plea Agreement, United States v. Benjamin, 5:13-cr-13 (S.D. Ga. Nov. 14, 2013), ECF No. 110, p. 2. Chief Judge Lisa Godbey Wood sentenced Benjamin to 108 months' imprisonment, which consisted of 60-month sentences on all counts except for the aggravated identity theft counts, to be served concurrently, and two 24-month sentences as to each aggravated identity theft count, to be served consecutively to each other and to all other counts. J., United States v. Benjamin, 5:13-cr-13 (S.D. Ga. July 11, 2014), ECF No. 131, pp. 1–3. Judge Wood entered judgment on July 11, 2014. Id. at p. 1. Benjamin did not file an appeal.

## DISCUSSION

On August 12, 2015, Benjamin executed his Section 2255 Motion. (Doc. 1, p. 11.) The envelope he sent his Motion in was postmarked August 20, 2015, (doc. 1-1), and his Motion was filed in this Court on August 24, 2015. (Doc. 1.) Benjamin contends his counsel, Brandon Shepherd, rendered ineffective assistance by misleading him into signing a plea agreement. (Id. at p. 5.) The Government asserts Benjamin's Motion is untimely and should be dismissed.

The Court addresses the Government's assertion.

**I. Whether Benjamin's Motion was Filed Timely**

To determine whether Benjamin's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Benjamin was sentenced to 108 months' imprisonment on July 9, 2014, and the Court's final judgment was entered on July 11, 2014.[1] Min. Entry & J., United States v. Benjamin, 5:13-cr-21 (S.D. Ga. July 9 and July 11, 2014), ECF Nos. 128, 131. Benjamin had fourteen (14) days, or until July 25, 2014, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Benjamin did not file an appeal, he had until July 25, 2015, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Benjamin did not execute his § 2255 motion until August 12, 2015, which was 18 days after the expiration of the applicable statute of limitations period. Consequently, Benjamin's petition is untimely under § 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is

---

[1] The Government uses July 10, 2014, as Benjamin's judgment date. This is the date listed on the Judgment, but it was not entered upon the docket and record of the case until July 11, 2014. J., United States v. Benjamin, 5:13-cr-21 (S.D. Ga. July 11, 2014), ECF No. 131. Regardless of whether July 10 or July 11, 2014, is the date of judgment, Benjamin's Motion is untimely under Section 2255(f)(1).

3

untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)). Benjamin fails to argue that he is entitled to the statute of limitations periods as set forth in Sections 2255(f)(2), (3), or (4). Thus, the Court must now determine whether Benjamin is entitled to tolling of the applicable statute of limitations period.

**II.     Whether Benjamin is Entitled to Equitable Tolling**

Benjamin recognizes he does not meet the one-year statute of limitations period. (Doc. 1, p. 10.) His explanation for this untimely filing is that he served 32 months of his sentence in regular population at the Ware County Jail and was not allowed to be in the dorm with the federal inmates because he had state charges pending against him. Benjamin asserts he was released by state authorities on July 18, 2015, and transferred to a federal holding facility in Florida. (Id.)

In response, the Government asserts Benjamin fails to establish due diligence and extraordinary circumstances necessary to show entitlement to tolling. The Government states that due diligence requires more than Benjamin noting his ignorance of the filing requirements. (Doc. 4, p. 4.) By this same token, the Government asserts Benjamin's ignorance of the filing deadlines is not an exceptional circumstance.

Benjamin retorts the Ware County Jail had a partial law library, but the books containing federal law were damaged and the necessary pages were missing. (Doc. 8, p. 1.) Benjamin contends he did not have access to federal law until July 2015 when he was transferred to a federal holding facility. Additionally, Benjamin avers he lacked understanding "due to non-compliance and no communication from his attorney[.]" (Id. at p. 2.)

The applicable limitation is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Fla., 560 U.S.

631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling", Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)).

There is nothing before the Court indicating that Benjamin employed any measures whatsoever to file a timely Section 2255 Motion. Benjamin failed to contact this Court prior to executing his Motion on August 12, 2015, or to take any course of action to show he was pursuing his rights—diligently or otherwise. Additionally, even accepting Benjamin's contentions that was not aware of the statute of limitations period applicable to the filing of Section 2255 motions due to his ignorance and lack of communication from his attorney, these contentions do not represent extraordinary circumstances warranting equitable tolling. The Eleventh Circuit Court of Appeals "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (citing Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll Antiterrorism and Effective Death Penalty Act's statute of limitations

on the basis of Sandvik's attorney's negligence); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). Further, Benjamin's alleged lack of access to federal legal materials while he was housed in a state facility is not an extraordinary circumstance for tolling purposes. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine.") (citing Dodd v. United States, 365 F.3d 1273, 1282–83 (11th Cir. 2004), and Akins v. United States, 204 F.3d 1086, 1089–90 (11th Cir. 2000)). In fact, Benjamin fails to allege how his inability to access federal legal materials thwarted his ability to file a timely Section 2255 Motion. Other than a passing citation to Sandvik in his Response to the Government's Motion to Dismiss, Benjamin does not even point to any federal law entitling him to relief. Thus, Benjamin clearly did not need access to federal authorities to assert the arguments he raises in his Motion.

Benjamin fails to show that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his Section 2255 Motion prior to August 12, 2015. Consequently, Benjamin is not entitled to the equitable tolling of the applicable statute of limitations period. The Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Benjamin's Section 2255 Motion.

### III. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Benjamin leave to appeal *in forma pauperis*. Though Benjamin has, of course, not yet filed a notice of appeal, it would be appropriate to address these

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the Government's Motion to Dismiss and Benjamin's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Benjamin a Certificate of Appealability, Benjamin is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Benjamin's Section 2255 Motion, **DENY** Benjamin *in forma pauperis* status of appeal, and **DENY** Benjamin a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Benjamin and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA